IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| ROBERT C. STEED, | ) Civil Action No. 4:07-618-GRA-TER |
| Plaintiff, | ) |
| v. | ) |
| | ) REPORT AND RECOMMENDATION |
| AL CANNON, SHERIFF; MITCH LUCAS, | ) |
| CHIEF ADMINISTRATOR; OFFICER COWHIG; | ) |
| OFFICER LAWLESS; OFFICER SOUTHERLAND | ) |
| SOUTHERLAND; OFFICER TURNER-KELLEY, | ) |
| Defendants. | ) |

## I. PROCEDURAL BACKGROUND

The plaintiff, Robert C. Steed ("plaintiff"), filed this action under 42 U.S.C. § 1983[1] on March 2, 2007. Defendants filed a motion for summary judgment on June 14, 2007. Because plaintiff is proceeding pro se, he was advised on or about June 15, 2007, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to the defendants' motion for summary judgment with additional evidence or counter affidavits could result in the dismissal of his complaint. Plaintiff has failed to respond.

### A. RULE 41(B) DISMISSAL

A complaint may be dismissed pursuant to Rule 41 (b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied 493 U.S. 1084 (1990) and Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District Judge.

41(b), the court is required to consider four factors:

(1) the degree of plaintiff's responsibility in failing to respond;

(2) the amount of prejudice to the defendant;

(3) the history of the plaintiff in proceeding in a dilatory manner; and,

(4) the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

In the present case, the plaintiff is proceeding pro se so he is entirely responsible for his actions. It is solely through plaintiff's neglect, and not that of an attorney, that no responses have been filed. Plaintiff has not responded to defendants' motion for summary judgment, or the Court's Roseboro Order requiring him to respond. In fact, plaintiff has not filed any documents with this court since the initial filing of his complaint on March 2, 2007. The undersigned concludes the plaintiff has abandoned his lawsuit as to these defendants. No other reasonable sanctions are available. Accordingly, it is recommended that this action be dismissed pursuant to Fed. R. Civ. Proc. 41(b).

## II. CONCLUSION

As set out above, a review of the record indicates that the plaintiff's complaint should be dismissed for failure to prosecute. It is, therefore,

RECOMMENDED that plaintiff's complaint be dismissed for failure to prosecute pursuant to Fed. R. Civ. Proc. 41(b).

                          Respectfully submitted,

                          s/Thomas E. Rogers, III
                          Thomas E. Rogers, III
                          United States Magistrate Judge

July 26, 2007
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice.**