UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Robert Steed, ) | |
| ) | C/A No. 4:07-cv-00618-GRA |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | (Written Opinion) |
| Al Cannon, Sheriff; Mitch Lucas, ) | |
| Chief Administrator; Officer Cowhig; ) | |
| Office Lawless; Officer Southerland; ) | |
| Officer Turner-Kelley, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court for a review of the magistrate's Report and Recommendation filed on July 26, 2007, and made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C. The plaintiff brought this action *pro se*, seeking relief pursuant to Title 42, United States Code, Section 1983.

This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Plaintiff originally filed suit on March 2, 2007. Plaintiff's suit claimed that unsanitary and unsafe conditions at the Charleston County Detention Center caused

1

him to contract an uknown illness. Plaintiff sought damages in the amount of one-million dollars ($1,000,000).  On June 14, 2007, the defendants filed a motion for summary judgment. On June 15, 2007, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately.  The magistrate entered his Report and Recommendation on July 26, 2007, recommmending that this Court dismiss the complaint pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, due to lack of prosecution.  The Report and Recommendation was mailed to the plaintiff the day it was entered; Plaintiff did not make any objections to the magistrate's report.

The magistrate makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1).  This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id*. In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

After a review of the magistrate's Report and Recommendation, this Court finds the report is based upon the proper law. Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

IT IS THEREFORE ORDERED that this action be DISMISSED for lack of prosecution.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

August 15, 2007
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this Order within thirty (30) days from the date of the entry of this Order, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified within Rule 4, will waive the right to appeal.